UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES H. GULICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:17cv111 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>OPINION AND ORDER</u>

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1.   The claimant meets the insured status requirements of the Social Security Act

2

through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since October 24, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: Degenerative disc disease, bilateral shoulder impairment, ischemic heart disease, hypertension, hyperlipidemia, and affective disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot perform bilateral overhead reaching or lifting; he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but he cannot climb ladders, ropes, or scaffolds; he must avoid exposure to unprotected heights; and he must avoid concentrated exposure to dangerous or hazardous machinery, which is machinery with exposed moving parts that are used to cut or grind and that fail to stop when human contact is lost, or machinery that has an open flame or hot surfaces that would burn someone if they fell onto them. The claimant could work in the same building as these dangerous and hazardous machinery, but not around such machinery. He can understand, remember, and carry out rote or routine instructions or tasks that require the exercise of little independent judgment or decision-making, and can be learned from a short demonstration up to 30 days; he cannot make judgments or decisions for more complex or detailed types of tasks, such as analyzing compiled data, directing or planning other's activities, supervising employees, or performing tasks that vary from day to day and require new learning on an unpredictable basis; he must work in a stable setting where there is little change in terms of tools used, the processes employed or the setting itself, and change where necessary is introduced gradually. Additionally, he should not work in an environment that is stringently production or quota-based, and thus may not perform fast-paced assembly line work; he can meet production requirements that allow him to sustain a flexible and goal-oriented pace; he can work jobs that entail only occasional and superficial contact with the general public and would not be able to perform a job that entailed work-related interaction and conversations with the general public; he could interact and converse with supervisors long enough to receive work instructions, however, he can only work a job that otherwise involves occasional and superficial interaction with his supervisors; and his work station must be indoors and must avoid inordinate amounts of heat or humidity in

3

that his work environment must be similar to those found in a typical business office.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 18, 1969 and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416 969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 24, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 19- 29).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on September 12, 2017. On October 18, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See*

4

*Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

In support of remand or reversal, Plaintiff asserts that the ALJ should have given more weight to his work history, and that the ALJ should have given more weight to medical opinion evidence from Dan Boen, Ph.D.

In support of his first argument, Plaintiff claims that his long and continuous work history entitles him to "substantial credibility". "An ALJ is in the best position to determine a witness's truthfulness and forthrightness; thus, this court will not overturn an ALJ's credibility determination unless it is 'patently wrong.'" *Skarbek v. Barnhart*, 390 F.3d 500, 505 (7th Cir. 2004). In the present case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected the cause some of the alleged symptoms; however, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible because they were inconsistent with objective medical evidence in the record, as well as

5

with Plaintiff's activities of daily living and other statements in evidence. (Tr. 26).

Plaintiff claims that the ALJ's decision should be vacated because there is no discussion of work history in connection with the evaluation of Plaintiff's subjective statements. However, the record is clear that the ALJ did discuss Plaintiff's work history in his decision, pointing out that Plaintiff "previously worked building canopies at service stations/convenience stores" in addition to performing odd jobs, working as a cashier, and attempting to get work as a crew leader. (Tr. 23.)

Work history is just one factor among many that an ALJ may consider in the analysis of a disability claimant's subjective allegations; it is not, on its own, dispositive. *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016). When the ALJ relies upon other substantial evidence to evaluate subjective allegations, there is no basis for remand even in cases when there is no discussion of work history at all. *Id.* (stating that the ALJ's "silence [on work history] is not enough to negate the substantial evidence supporting the adverse credibility finding")*; see also Penrod o/b/o Penrod v. Berryhill*, Civil No. 1:16cv324, 2017 WL 3141187 at \*6 (N.D. Ind. July 25, 2017) (rejecting challenge to ALJ's credibility analysis based on work history in light of other reasons cited in support of the ALJ's conclusions); *Walker v. Colvin*, Case No. 1:14-CV-332-JVB-SLC, 2016 WL 626513, at \*4 (N.D. Ind. Feb. 16, 2016) (rejecting as a basis for remand a failure to discuss work history because "a plaintiff's work history does not entitle him to an automatic finding of substantial credibility; remanding on other grounds).

In the present case, the record shows that the ALJ relied upon other valid reasons and substantial evidence in support of the credibility finding, rendering irrelevant any lack of any discussion of work history on this issue. (Tr. 24-27.) The ALJ pointed out the lack of objective

6

medical findings to support Plaintiff's allegations of disabling limitations. (Tr. 24, 27.) The record contains few treatment notes post-dating the alleged onset of Plaintiff's disability. What few do exist either were conservative in nature, undermining Plaintiff's allegations of disabling impairments, or they pertained only indirectly to Plaintiff's allegedly disabling impairments. (Tr. 483 (December 2014 emergency room visit for dental pain, at which Plaintiff was "[n]egative for myalgias and back pain"), 488-493 (treatment notes from January 2013 to July 2015 indicate treatment of pain with medication only).) The ALJ also cited x-ray evidence pre-dating the onset of Plaintiff's alleged disability, pointing out that those scans revealed either mild findings or no significant findings. Any abnormal findings were, at most, mild. (Tr. 25, citing Tr. 377-379).

      The ALJ also discussed in detail Plaintiff's activities of daily living, stating that Plaintiff "performed some household chores, he took his dogs outside regularly, he was able to stand for two hours at a time, he was able to drive for substantial periods, and he was able to lift some groceries." (Tr. 25.) Additionally, the ALJ contrasted Plaintiff's statement that he experienced pain at level of eight on a scale of one to ten since 2006 with Plaintiff's statement that "he was able to perform very heavy exertional work with narcotic pain medication for many years after 2006." (Tr. 24.)

      Plaintiff, who did not file a reply brief, does not mention the ALJ's analysis or attempt to refute the underlying evidence in advancing his argument about work history. Rather, Plaintiff urges a *per se* rule that statements from someone with a steady work history should be credited in full with no regard for any other legal or regulatory factor. Both the Seventh Circuit and this Court have rejected such a rule and held that a claimant's work history is one factor among many. *Loveless*, 810 F.3d at 508; *Penrod*, 2017 WL 3141187 at *6; *Walker*, 2016 WL 626513, at *4.

7

This Court holds that the ALJ correctly evaluated Plaintiff's subjective allegations, articulated multiple reasons for his conclusions, and cited substantial evidence in support of those conclusions.

Next, Plaintiff argues that the ALJ should have given additional weight to certain limitations Dr. Boen stated following his examination of Plaintiff on June 23, 2011. Which was approximately 20 months before the date Plaintiff claims his disability began. However, the record shows that the ALJ explained that Dr. Boen's opinion was given little weight because: (1) it was inconsistent with Plaintiff's description of his activities of daily living; (2) Dr. Boen examined Plaintiff and provided his opinion before the date Plaintiff's claims his disability began and the opinion was inconsistent with other, more recent evidence; and (3) Dr. Boen's extreme limitations were inconsistent with the fact that, after Dr. Boen provided his opinion, Plaintiff was able to work and did work. (Tr. 26.)

This court finds that substantial evidence supports each basis the ALJ provided. Dr. Boen's restrictions were not consistent with Plaintiff's description of his activities of daily living, which generally involved household chores, taking his dogs out regularly, standing for two hours at a time, driving for substantial periods, and lifting some groceries. (Tr. 25.) As Plaintiff himself stated, he left his last job not due to any mental demands or limitations, but because he could no longer perform the heavy lifting the job required. (Tr. 25 (citing Tr. 55).) Dr. Boen's statement that Plaintiff would have difficulty concentrating and staying on task is inconsistent both with the fact that Plaintiff does not claim disability at the time Dr. Boen made his statement or with more recent evidence stating that his ability to concentrate is not so limited as to preclude relatively simple work. (Tr. 22, 110-111, 140-142.)

8

Notably, Plaintiff does not directly address any of the reasons the ALJ provided for giving little weight to Dr. Boen's opinion. Rather, Plaintiff first asserts that Dr. Boen's opinion should have been given more weight because "Dr. Boen had the clinical interface of examining Gulick when not 'extremely angry and volatile,' as he was for Dr. [Revathi] Bingi." (Pl. Br. 7.) In other words, because Plaintiff was angry and volatile when Dr. Bingi examined him, Plaintiff believes Dr. Boen's opinion should have been given more weight. However, there is no support for this claim. Plaintiff's mood and affect would be equally relevant at both examinations; this is particularly true in the absence of any statement by Dr. Bingi that Plaintiff was, in addition to or as part of being angry and volatile, uncooperative or otherwise behaved in a manner that undermined Dr. Bingi's findings. (Tr. 469-473.) According to Dr. Bingi, Plaintiff "was a good historian and self-disclosive" and "was able to focus well on the task and appeared to have good insight." (Tr. 469.) There is no indication that Plaintiff's mood or affect undermined Dr. Bingi's examination in such a way that the ALJ should have given additional weight to Dr. Boen's opinion.

Plaintiff also argues that, rather than take his statements at face value, the ALJ should have provided additional analysis of Plaintiff's lack of awareness regarding his mental impairment. (Tr. 8.) This argument fails to account for the fact that, in evaluating Plaintiff's mental impairment and Dr. Boen's opinion, the ALJ relied not just upon Plaintiff's statements, but on his admitted activities of daily living, on the fact that Plaintiff applied for and obtained work after Dr. Boen's evaluation, and on opinions from State agency sources. (Tr. 26-27.) Plaintiff's argument also fails to account for caselaw stating that the treatment an individual seeks or obtains is probative of subjective allegations, even when the subjective allegations at issue

9

relate to a mental impairment. *Sienkiewicz v. Barnhart*, 409 F.3d 798, 803-804 (7th Cir. 2005) (affirming ALJ finding regarding subjective allegations, in part, because the claimant did not seek treatment for specific physical impairments or for depression); *Fuehring v. Astrue*, Cause No. 3:11-CV-194 CAN, 2012 WL 928925, at *6 (N.D. Ind. Mar. 15, 2012) (citing *Sienkiewicz* in support of finding that ALJ properly considered the treatment a claimant sought and received among the reasons why the claimant's subjective allegations were not given more weight).

Plaintiff argues that, in analyzing lack of awareness regarding any mental impairments, the ALJ should have provided additional discussion of facts that Plaintiff has only a tenth grade education, that he has psychological impairments that are complicated by physical impairments, and that he is obese. However, the record shows that the ALJ was fully aware of Plaintiff's level of education—he acknowledged that Plaintiff has a limited education (Tr. 28)—and Plaintiff's conclusory statement regarding education does not satisfy his burden of proving a connection between Plaintiff's education and his disability. Moreover, the ALJ fully acknowledged and discussed in detail Plaintiff's physical and mental impairments, both alone and in combination. (Tr. 19-27.) There is no indication in the record that Plaintiff's weight has any effect on his work-related limitations, and Plaintiff has not identified or proven any such effect. No medical opinion regarding Plaintiff's physical or mental impairments or limitations cited obesity as the basis for any impairment or limitation, other than those already set forth in the ALJ's detailed residual functional capacity finding. (Tr. 22, 110-111, 140-142, 366-370, 373-375, 386, 439-445, 459, 469-473.) Clearly, there was no reason for the ALJ to provide any further discussion of Plaintiff's weight. *Stepp v. Colvin*, 795 F.3d 711, 720 (7th Cir. 2015) (rejecting challenge based ALJ's failure to discuss obesity because claimant failed to explain how obesity affected her

ability to work and because "the record does not suggest that [claimant]'s treating physicians discussed her weight in any detail"); *Skarbeck*, 390 F.3d at 504 (refusing to remand because of failure to cite obesity in a case where claimant did not specify how obesity affected the ALJ's decision and because the ALJ relied on opinion evidence from sources who were "aware of" the claimant's weight).

As none of Plaintiff's arguments have any merit, the decision of the ALJ must be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.


Entered: January 10, 2018.

                                                s/ William C. Lee
                                                William C. Lee, Judge
                                                United States District Court